IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CATHERINE ISBY BRANDON,
AS ADMINISTRATRIX OF THE ESTATE
OF GEORGE ISBY, DECEASED,                                                    PLAINTIFF,

VS.                                                          CIVIL ACTION NO. 1:06CV280-P-D

BEVERLY ENTERPRISES, INC.;
BEVERLY HEALTH AND REHABILITATION
SERVICES, INC. F/K/A BEVERLY CALIFORNIA
CORP.; BEVERLY ENTERPRISES MISSISSIPPI,
INC., D/B/A BEVERLY HEALTHCARE-EASON
BLVD.; AEGIS THERAPIES, INC. F/K/A BEVERLY
REHABILITATION, INC.; AND JOHN DOES 1-20,                                   DEFENDANTS.

## ORDER

This matter comes before the court upon Defendants' partial motion to dismiss [20-1]. After due consideration of the motion – no response having been filed – the court finds as follows, to-wit:

In deciding a motion to dismiss under Rule 12(b)(6), the district court accepts as true those well-pleaded factual allegations in the complaint. *C.C. Port, Ltd. v. Davis-Penn Mortgage Co.*, 61 F.3d 288, 289 (5th Cir.1995). Taking the facts alleged in the complaint as true, "if it appears certain that the plaintiff cannot prove any set of facts that would entitle it to the relief it seeks," dismissal is proper. *Id.* It must appear beyond doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief."*Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir.1995) The complaint must be liberally construed, with all reasonable inferences drawn in the light most favorable to the plaintiff. *Sloan v. Sharp*, 157 F.3d 980, 982 (5th Cir.1998). "However, we will not strain to find inferences favorable to the plaintiff[]." *Southland Securities Corp. v. INSpire Ins. Solutions, Inc*., 365 F.3d 353, 361 (5th Cir.2004).

With regard to the medical malpractice claim against the corporate defendants, it is

undisputed that "medical malpractice [is] the 'legal fault by a physician or surgeon" and "hospitals are not liable for medical malpractice liability since a hospital is not a person licensed as a physician...." *Boyd v. Lynch*, 493 So2d 1315, 1318 (Miss. 1986). Since no physicians are named as defendants in this case, the plaintiff has stated no claim for medical malpractice.

Regarding the plaintiff's fraud claim, the plaintiff must show: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that the representation should be acted upon by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on the representation's truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury. *Allen v. Mac Tools, Inc.*, 671 So.2d 636, 642 (Miss. 1996). Fed. R. Civ. P. 9(b) requires in pertinent part: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The Fifth Circuit Court of Appeals "interprets Rule 9(b) strictly, requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrman Holdings Ltd. v. Lucent Technologies*, 302 F.3d 552, 564-65 (5th Cir. 2002) (internal quotations omitted).

According to the defendants, the plaintiff does not make any specific factual allegations regarding who made the misrepresentations, what the misrepresentations were, when they were made, or where they were made. The Complaint includes no discussion of specific misrepresentations, the defendants continue, and fails to specifically identify when the Plaintiff purportedly heard, read, or relied upon the statements that form the basis of the fraud claims.

Having compared the Complaint's averments of fraud with the elements of fraud, this court is inclined to conclude Rule 9(b)'s particularity requirement was met – at least under Rule 12(b)(6)

standards. However, the Mississippi Supreme Court's holding in *Howard v. Estate of Harper ex rel. Harper,* 947 So.2d 854 (Miss. 2006) defeats the plaintiff's fraud claim in this case. As with the plaintiff in this case, the plaintiffs in *Howard*

> simply allege the collective defendants (not each defendant specifically) misrepresented the qualitative and quantitative care and supervision they would receive, and made those misrepresentations to the Plaintiffs and their families. The complaint does not specify the date or locations the allegedly fraudulent statements were made. We find these general allegations and missing content fatal under the pleading standards of Rule 9(b). As such, the Plaintiffs' claims of fraud against the Howards must be dismissed.

*Howard*, 947 So.2d at 861.

With regard to the plaintiff's breach of fiduciary duty claim, the circumstances under which a contractual relationship may give rise to a fiduciary duty are: "(1) the activities of the parties go beyond their operating on their own behalf, and the activities for the benefit of both; (2) where the parties have a common interest and profit from the activities of the other; (3) where the parties repose trust in one another; and (4) where one party has dominion or control over the other." *Hopewell Enters., Inc. v. Trustmark Nat'l Bank*, 680 So.2d 812, 816 (Miss. 1996); *University Nursing Associates, PLLC v. Phillips*, 842 So.2d 1270, 1274 (Miss. 2003). "The party asserting the existence of a fiduciary relationship bears the burden of proving its existence by clear and convincing evidence." *AmSouth Bank v. Gupta*, 838 So.2d 205, 216 (Miss. 2002).

The corporate defendants in this action cite *Howard*, *supra* for the proposition that a fiduciary relationship does not exist between residents and administrator or licensee. In *Howard*, the court cited *Gray v. Beverly Enterprises– Mississippi, Inc.*, 261 F.Supp.2d 652, 662-63 (S.D. Miss. 2003), reversed on different grounds by *Gray v. Beverly Enterprises–Mississippi, Inc.*, 390 F.3d 400 (5th Cir. 2004), for the proposition that "a fiduciary duty cannot exist simply because of the Howards'

roles as licensee and administrator." *Howard*, 947 So.2d at 861. However, the defendants at issue in *Howard* were the nursing home administrator and the licensee while the defendants in this case are the corporate owners of the nursing home. The administrator is not a defendant in this action.

What is more, the defendants at issue in the *Gray* case, both at the trial and appellate level, involved the question of remand – *i.e.*, whether the plaintiffs showed a reasonable possibility of recovery against the Mississippi-resident nursing home administrator, not the non-resident corporate owners of the nursing home. In other words, neither court in *Gray* ruled that there is no fiduciary relationship between a nursing home owner and a patient. Furthermore, the trial court in *Gray* concluded that

> In the subject case, Plaintiff's deteriorating physical and mental condition rendered her "weak" to the extent that she "depended" on Beverly Healthcare for her daily care. In that regard, Beverly Healthcare exercised "dominion" and "control" over Plaintiff. Her "weak" condition and her "dependence" on Beverly Healthcare for her basic needs *probably created a fiduciary relationship between Plaintiff and Beverly Healthcare*, as contemplated by the *Lowery* and *Phillips* courts. However, the existence, or lack thereof, of a fiduciary relationship between Plaintiff and Beverly Healthcare is not in issue in this Motion to Remand. The issue is whether a fiduciary relationship existed between Plaintiff and the non-diverse Defendants.

*Gray*, 261 F.Supp.2d at 662 (citing *Lowery v. Guar. Bank and Trust Co.*, 592 So.2d 79 (Miss. 1991) and *Phillips*, 842 So.2d 1270) (emphasis added).

This court agrees that the defendants have not demonstrated that there is no fiduciary relationship between nursing home owners and their patients as a matter of law in Mississippi. Indeed, the very nature of a nursing home patient is very akin to a "ward" under the dominion and control of a fiduciary. The activities of the parties go beyond their operating on their own behalf and the activities for the benefit of both. The nursing home's very mission is to take care of the nursing home patient who, unlike the average hospital patient, is usually permanently invalid and subject to the nursing home. The parties have a common interest and profit from the activities of the other;

namely, the nursing home is paid to take care of the patient. The parties obviously repose trust in one another and has been said above, the nursing home as fiduciary has dominion and control over the nursing home patient.

The issue of fiduciary duty is brought before the court under a Rule 12(b)(6) motion. The court concludes that the defendants have not cited any mandatory precedent for the firm proposition that there is no fiduciary duty between a nursing home itself and a patient. Thus, with regard to the breach of fiduciary claim, it does not appear beyond doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief."

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendants' motion to dismiss [20-1] is **GRANTED IN PART AND DENIED IN PART**; specifically,

(2) Defendant's motion to dismiss is denied insofar as it seeks dismissal of the plaintiff's breach of fiduciary claim;

(3) Defendant's motion to dismiss is granted insofar as it seeks dismissal of the plaintiff's medical malpractice and fraud claims; therefore,

(4) The plaintiff's medical malpractice and fraud claims are **DISMISSED WITH PREJUDICE**; and

(5) The plaintiff's claims of breach of fiduciary duty, negligence, gross negligence, and statutory survival remain.

**SO ORDERED** this the 6th day of April, A.D., 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE